UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILLY MORRIS BRITT,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | NO.　C10-0516-RSL-JPD<br>　　　(CR08-0426-RSL)<br><br>REPORT AND<br>RECOMMENDATION |

Petitioner Billy Morris Britt brings a 28 U.S.C. § 2255 motion to vacate and correct the sentence imposed in CR08-426-RSL. (Dkt. 1.)[1] Mr. Britt contends: (1) the sentencing court improperly ordered restitution (Dkt. 1-2, at 5–8)[2]; (2) defense counsel provided ineffective assistance of counsel by (a) agreeing to a sentencing enhancement based on 10 or more victims (*id.* at 3), (b) agreeing to a loss amount in excess of $466,222.40 (*id.*, at 4), (c) agreeing to the aggravated identity theft charge (*id.* at 17), and (d) failing to engage in any independent investigation (*id.* at 12); (3) the sentencing court erroneously allocated the burden of proof

---

[1] The Court refers to "Dkt." when citing the docket for the § 2255 motion, and to "CR Dkt." when citing the docket for the underlying criminal matter CR08-426-RSL.

[2] Throughout this Report and Recommendation, the Court refers to the pagination of the scanned originals as opposed to the page numbers supplied by the parties.

REPORT AND RECOMMENDATION - 1

1  regarding sentencing enhancements (*id.*, at 13–14); and (4) his sentence should be vacated
2  because the government could not prove aggravated identity theft (*id.* at 14–17).

3      The Court recommends that Mr. Britt's § 2255 motion be **DENIED** and **DISMISSED**
4  because he waived his right to collaterally challenge his sentence (Claims 1, 3, and 4), and he
5  has failed to show ineffective assistance of counsel (Claim 2).  The Court also recommends
6  **DENYING** the issuance of a certificate of appealability.  An evidentiary hearing was not
7  requested and is not warranted because the record refutes Mr. Britt's claims.

## I. BACKGROUND

Pursuant to a Plea Agreement, Mr. Britt pleaded guilty to one count of conspiracy to commit bank fraud, one count of access device fraud, and one count of aggravated identity theft. (Dkt. 8-2, at 2 (hereinafter "Plea Agreement")).  The Plea Agreement contains an appeal waiver which states:

> As part of this Plea Agreement, and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:
>
>     a. any right conferred by Title 18, United States Codes, Section 3742 to appeal the sentence, including any restitution order imposed; and
>
>     b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

(*Id*. at 14).

On November 13, 2009, the district court sentenced Mr. Britt to 61 months imprisonment—37 months for the counts of bank fraud and access device fraud (the range being 37 to 46 months) plus a mandatory two-year consecutive term for the count of aggravated identity theft—to be followed by five years of supervised release. (Dkt. 8-5, at 3; CR Dkt. 194, at 14.) The sentencing court also imposed a special assessment of $300, and

REPORT AND RECOMMENDATION - 2

1 ordered restitution in the amount of $466,222.40 and the forfeiture of numerous items to
2 twenty-three bank victims.  (Dkt. 8-5, at 11; CR Dkt. 194, at 17–21.)

## II.  DISCUSSION

In March 2010, Mr. Britt timely filed for § 2255 relief, alleging that the sentencing court erred and that his trial counsel was ineffective.  (Dkts. 1, 1-2.)  In the Plea Agreement, Mr. Britt waived his right to challenge Claims 1, 3, and 4; moreover, these claims lack merit.  Mr. Britt fails in Claim 2 to show ineffective counsel: he can demonstrate neither deficient performance by counsel nor resulting prejudice.

**A.     Waiver of Right To Collaterally Attack the Sentence**

Mr. Britt contends that the district court erred in sentencing him: the court lacked the authority to order him to pay restitution to the crime victims' fund because the victims declined restitution (Claim 1); the court erroneously allocated the burden of proof by requiring him to disprove the factual basis for his base-level offense and sentencing enhancements (Claim 3); and the court should not have permitted him to be sentenced on aggravated identity theft because the government could not prove this count (Claim 4).  These claims should be dismissed because Mr. Britt waived his right to collaterally attack his sentence.

Mr. Britt signed a Plea Agreement waiving his right to appeal or collaterally attack his sentence.  A defendant's waiver of the right to appeal or collaterally attack his sentence is enforceable if "(1) the language of the waiver encompasses the defendant's right . . . on the grounds claimed . . ., and (2) the waiver is knowingly and voluntarily made." *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Mr. Britt's Plea Agreement contains a clear and unambiguous waiver of the right to appeal or bring a collateral attack except as to the effectiveness of counsel.  (Plea Agreement, at 14.)  The waiver was conditioned on imposition of a sentence within the Sentencing Guidelines range determined by the sentencing judge.  (*Id*.)  Because Mr. Britt

1 received a sentence at the low end of the range found by the sentencing judge, the waiver
2 applies with full force.

3       Mr. Britt also knowingly and voluntarily consented to the Plea Agreement's express
4 terms.  The Plea Agreement, which petitioner signed, provides that "Defendant agrees that he
5 has entered into this Plea Agreement freely and voluntarily, and that no threats or promises,
6 other than the promises contained in this Plea Agreement, were made to induce Defendant to
7 enter these pleas of guilty." (*Id.* at 14–15.) The undersigned magistrate judge examined Mr.
8 Britt under oath and determined that Mr. Britt had entered his guilty plea knowingly,
9 intelligently, and voluntarily. (CR Dkt. 127.) Claims 1, 3, and 4, all of which refer to alleged
10 sentencing errors, should be dismissed because Mr. Britt unambiguously, knowingly, and
11 voluntarily waived his right to appeal or to bring a collateral attack on his sentence. *See United*
12 *States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991).

13       Moreover, Mr. Britt's claims lack merit.  With respect to Claim 1, the victims (the
14 affected financial institutions) did not decline restitution. (Dkt. 8-5, at 6–9 (list of restitution
15 payees).) With respect to Claim 3, the record does not support Mr. Britt's accusation that the
16 sentencing court required Mr. Britt to disprove the factual basis for his sentence. (CR Dkt.
17 194.) With respect to Claim 4, Mr. Britt admitted facts that demonstrate that the government
18 could prove aggravated identity theft: Mr. Britt agreed that he collaborated in a scheme to steal
19 credit cards from gym lockers, produce counterfeit identification documents using his
20 photograph and other peoples' names, and fraudulently purchase high-end electronic
21 equipment for later sale. (Plea Agreement, at 10–12.)

22 **B.**      **Effective Assistance of Counsel**

23       In Claim 2, Mr. Britt contends that he received ineffective assistance of counsel
24 because his trial counsel (a) agreed to a sentencing enhancement based on 10 or more victims,
25 (b) agreed to a loss amount of $466,222.40, (c) agreed to the aggravated identity theft charge,
26 and (d) failed to engage in any independent investigation.  His contentions lack merit.

REPORT AND RECOMMENDATION - 4

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the two-prong test set forth in *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687–94. When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential. *Id.* at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id.* The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. The reviewing court need not address both components of the inquiry if an insufficient showing is made on one component. *Strickland*, 466 U.S. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id.*

Mr. Britt can show neither deficient performance by counsel nor resulting prejudice. First, Mr. Britt contends that counsel should have challenged the 2-level enhancement for a crime affecting 10 or more victims because the individual victims of identity theft were fully reimbursed for their losses. He is incorrect because the victims specified here were not people but the twenty-three banks that suffered actual financial losses as a result of this conspiracy. (Dkt. 8-5, at 7–11.) Second, Mr. Britt contends that counsel should not have agreed to a restitution amount of $466,622.40. This contention lacks merit: the Plea Agreement estimated the losses to be $577,864.52; the Plea Agreement left room for that figure to be augmented by information to show that the amount might be higher; and the record suggests that the $466,622.40 figure may underestimate actual losses given the scope and duration of the conspiracy and documentation that had not been preserved. (Plea Agreement, at 7; CR Dkt. 194, at 3–4.) Third, Mr. Britt contends that counsel never should have agreed to the aggravated identity theft charge because the government had no way of proving it. As mentioned above, this contention is belied by Mr. Britt's factual admissions in the Plea

REPORT AND RECOMMENDATION - 5

1  Agreement. (Plea Agreement, at 10–12.) Fourth, Mr. Britt contends that counsel did not
2  engage in sufficient, independent investigation of the charges. This claim fails because Mr.
3  Britt cannot identify what counsel would have discovered through this investigation and how it
4  would counterbalance the government's evidence. Mr. Britt's trial counsel did not render
5  deficient performance by failing to raise the issues listed in the § 2255 motion. Furthermore,
6  Mr. Britt cannot show prejudice because had counsel raised Mr. Britt's meritless arguments,
7  Mr. Britt may have lost the 3-level adjustment for acceptance of responsibility.

8  **C.      Certificate of Appealability**

9  　　　　If the district court adopts the Report and Recommendation to deny Mr. Britt's § 2255
10 motion, it must determine whether a certificate of appealability ("COA") should issue. Rule
11 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A
12 COA may be issued only where a petitioner has made "a substantial showing of the denial of a
13 constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by
14 demonstrating that jurists of reason could disagree with the district court's resolution of his
15 constitutional claims or that jurists could conclude the issues presented are adequate to deserve
16 encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The
17 decision to issue a COA turns not on the court's assessment of the applicant's chances for
18 success on appeal, but whether the appeal would raise material and debatable questions. *See*
19 *id.* at 342.

20 　　　　The Court recommends that the issuance of a COA be denied because no reasonable
21 jurist could disagree with the Court's conclusion that Mr. Britt waived his right to appeal or to
22 collaterally challenge his sentence and that he was not deprived of his Sixth Amendment right
23 to effective assistance of counsel. Mr. Britt should address whether a COA should be issued in
24 his written objections, if any, to this Report and Recommendation.

25

26

## III.  CONCLUSION

The Court recommends that Mr. Britt's § 2255 motion be **DENIED** and **DISMISSED** because he waived his right to collaterally challenge his sentence (Claims 1, 3, and 4), and he has failed to show ineffective assistance of counsel (Claim 2).  Mr. Britt has not requested an evidentiary hearing and the Court finds that such a hearing is unnecessary because his claims are refuted by the record.  A proposed order accompanies this Report and Recommendation.

DATED this 16th day of July, 2010.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge